UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STRATFORD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CR218 HEA |
| ) | |
| STAGGS TRUCKING COMPANY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 42]. Defendant Alonso Pack opposes the motion. The remaining defendants herein have had default judgments entered against them. For the reasons set forth below, the Motion is granted.

Plaintiff filed this declaratory judgment action seeking a declaration that it is not obligated under a policy of insurance, Policy #TAP705904 issued by Plaintiff and that in connection with the accident alleged by Defendant Alonzo Pack, that the 1996 International Tractor VIN 2HSFHAERSTC036782 is not and never was an insured "auto" within the coverage afforded by said policy. Further, Plaintiff seeks a declaration that it is not obligated to defend the suit brought by Alonzo Pack, alleging bodily injuries arising out of or alleged to have arisen out of an accident

which occurred on or about August 11, 2001 or from ownership, maintenance or use of the 1996 International Tractor VIN 2HSFHAERSTC036782.  Finally, Plaintiff seeks a declaration that it is not obligated to pay any costs taxed in favor of Alonzo Pack in any such suit, nor to pay, tender or deposit in any Court any part of any Judgment which may be rendered in any suit by or on behalf of Alonzo Pack nor to pay any sum which Defendants shall become legally obligated to pay as damages because of the bodily injuries sustained by Defendant Alonzo Pack caused by the accident and arising out of the ownership, maintenance and use of the 1996 International Tractor VIN 2HSFHAERSTC036782.

Plaintiff now moves for summary judgment on its Complaint.

### **Facts and Background**

Plaintiff executed and delivered its Truckers Policy No. TAP 0705904 to Staggs Trucking Company, Inc., insuring it up to the limit of One Million Dollars ($1,000,000.00) for liability coverage for each accident, against loss from liability for damages consequent to the ownership and operation of certain designated trucks and trailers identified in the policy.

Defendant Alonso Pack was involved in a motor vehicle accident which occurred on August 11, 2001, in Shelby County, Tennessee.  He filed a lawsuit seeking damages for personal injuries, naming Defendants Robert Richard Romero,

III, Scott Staggs and CDK Logistics Services, Inc., as defendants. The action is currently pending in the Circuit Court of Shelby County, Tennessee. This action alleges that at the time of the accident, Romero was operating a 1996 International Tractor Trailer and that Pack's injuries were the result of Romero's negligent operation of the vehicle. Pack alleges that Defendant Scott Staggs was negligent in entrusting the tractor trailer to Romero. This tractor trailer is not designated or identified as a covered auto under the terms of the Truckers Policy issued by Plaintiff.

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative

evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005).

Plaintiff moves for summary judgment since the vehicle involved in the underlying cause of action was not a covered "auto" within its issued policy, and therefore, Plaintiff urges it is not obligated to defend or pay any judgment entered in favor of Defendant Pack.

Pack argues in opposition that C.M. Brown & Associates, Inc. was Plaintiff's agent. C.M. Brown & Associates issued a Certificate of Liability Insurance to CDK Logistics for and on behalf of Defendant Scott Staggs, stating that the tractor trailer in question had insurance coverage under the subject policy. Pack contends that because the Certificate of Liability states that the tractor trailer is insured by Plaintiff, Plaintiff is bound to provide coverage under the policy said policy.

Under Missouri law, an insurance broker is one who, on behalf of the insured, shops around for insurance among multiple insurance companies. In such instances, the broker is acting as the agent of the insured. *Mark Andy, Inc. v. Hartford Fire Ins. Co.,* 229 F.3d 710, 717 (8th Cir.2000). Conversely, "[a] person delegated to

solicit insurance for a particular company, and to refrain from soliciting insurance for any other company, is an agent [of the insurer], and not a broker." *Travelers Indem. Co. v. Beaty,* 523 S.W.2d 534, 537 (Mo.Ct.App.1975) (quoting 16 Appleman, Insurance Law and Practice, § 8725, p. 259). Absent special conditions or circumstances suggesting otherwise, the presumption is a broker is the agent of the insured. *Secura Ins. Co. v. Saunders,* 227 F.3d 1077, 1080 (8th Cir.2000). *See also Beaty,* 523 S.W.2d at 538; *Harper v. Business Men's Assurance Co.,* 872 S.W.2d 486, 488 (Mo.Ct.App.1994). Any mistakes made by the broker are attributable to the insured, *Mark Andy, Inc.,* 229 F.3d at 717. The broker therefore "'may not be converted into an agent for the insurance company without some action on the part of the company, or the existence of some facts from which his authority to represent it may be fairly inferred,' *Beaty,* 523 S.W.2d at 538, quoting *H & H Manufacturing Co.,* 302 S.W.2d at 43." *Secura,* 227 F.3d at 1080. "'Whether a so-called "independent broker" as distinguished from one who sells only for one company is the agent of the insurer or the insured depends on the facts of a particular situation.' *Kelley v. Shelter Mut. Ins. Co.,* 748 S.W.2d 54, 57 (Mo.Ct.App.1988)." United Fire & Cas. Ins. Co. v. Garvey 419 F.3d 743, 746 (8th Cir. 2005).

Plaintiff has submitted affidavits which establish that C.M. Brown &

Associates were independent insurance brokers, and that this insurance agency was not an employee of Stratford Insurance Company. It does not hold an "agency agreement" or any contract with Plaintiff. Defendant Pack has produced no admissible evidence in the form of an affidavit or otherwise to controvert Plaintiff's affidavits. As such, no special circumstances have been presented to overcome the presumption that the independent insurance broker, C.M. Brown & Associates, Inc. was not Plaintiff's agent.[1]

Although the Court's discussion of the lack of agency relationship between Plaintiff and C.M. Brown & Associates, Inc. entitles Plaintiff to summary judgment, the Court also notes a second reason why Defendant Pack's argument must fail. Pack claims that because a Certificate of Insurance was issued by C.M. Brown & Associates with respect to the subject vehicle, Plaintiff must provide coverage. A discrepancy indeed exists between the insurance contract itself and the Certificate of Insurance. The law, however, governing this issue precludes coverage. "[T]he certificate is not a part of the contract of, or necessary to, the insurance. * * * It served merely as evidence of the insurance * * *." *Boseman v. Connecticut General Life Insurance Co.,* 301 U.S. 196, 203 (1937). Moreover, the Certificate itself

---

[1] Because Defendant Pack's agent argument fails, his reliance on the equitable doctrine of equitable estoppel fails as well since this argument hinges on an agency relationship between Plaintiff and C.M. Brown & Associates, Inc.

establishes that it provides no coverage in and of itself: clearly stated on the Certificate is the provision that it "does not amend, extend, or alter the coverage" afforded by the policy. *SLA Property Management v. Angelina Cas. Co.* 856 F.2d 69, 73 (8th Cir. 1988).

## Conclusion

Defendant Pack has failed to present evidence sufficient to establish that genuine issues of material fact exist with respect to insurance coverage. The vehicle in question was not a covered "auto" under the policy and there is no evidence to establish that C.M. Brown & Associates, Inc. is an agent of Plaintiff. Absent an agency relationship, the actions taken by an independent insurance broker are not attributable to Plaintiff. Because the policy did not provide coverage for the tractor trailer in question, Plaintiff is under no duty or obligation to defend the defendants in the underlying suit brought by Defendant Pack, and it is under no obligation to pay any amounts adjudicated to be owed by those defendants. Plaintiff is therefore entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 42], is granted.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 14th day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE